CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
ROMAN A. SWOOPES (CABN 274167)
Assistant United States Attorney
60 South Market Street, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5084
FAX: (408) 535-5081
Roman.Swoopes@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EAST BAY SANCTUARY COVENANT, et al.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al,<br><br>Defendant. | Case No. 3:26-cv-06367-SK<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>Judge: Hon. Sallie Kim |

Defendants United States Citizenship and Immigration Services ("USCIS") and United States Immigration and Customs Enforcement ("ICE") (collectively, "Defendants") hereby respond to the Complaint filed by filed by Plaintiffs East Bay Sanctuary Covenant ("ESBC") and Immigration Institute of the Bay ("IIBA"), ECF No. 1.

## INTRODUCTION

Defendants deny all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

## RESPONSES TO NUMBERED PARAGRAPHS OF THE COMPLAINT

Defendants respond to the separately numbered paragraphs and prayer for relief in the Complaint as follows. Defendants include the headings listed in the Complaint merely to assist in reading the pleadings and do not admit their accuracy.

## RESPONSE TO COMPLAINT SECTION ENTITLED "INTRODUCTION"

1. This paragraph consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiffs purport to bring this action pursuant to FOIA, 5 U.S.C. § 552 and deny the remaining allegations in Paragraph 1.

2. This paragraph consists of Plaintiffs' characterization of its FOIA Request and/or of this action, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny them.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore deny them.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore deny them.

5. This paragraph consists of Plaintiffs' conclusions of law and characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiffs submitted a FOIA request to Defendants seeking disclosure of certain records and deny the remaining allegations in Paragraph 5.

6. Paragraph 6 describes Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief.

## RESPONSE TO COMPLAINT SECTION ENTITLED "JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT"

7. This paragraph consists of Plaintiffs' conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

8. This paragraph consists of Plaintiffs' conclusions of law regarding exhaustion of administrative remedies, to which no response is required. To the extent a response is deemed required, Defendants respectfully direct the Court to the provisions of FOIA and deny any allegations in Paragraph 8 inconsistent therewith.

9. This paragraph consists of Plaintiffs' conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny them.

10. This paragraph consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny them.

**RESPONSE TO COMPLAINT SECTION ENTITLED "PARTIES"**

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny them.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny them.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny them.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny them.

15. Defendants deny that it they are an "agency" within the meaning of 5 U.S.C. § 552(f)(1) but admit that they are components of the U.S. Department of Homeland Security and are subject to the requirements of the FOIA.

**RESPONSE TO COMPLAINT SECTION ENTITLED "STATUTORY BACKGROUND"**

16. Paragraph 16 presents legal argument and/or Plaintiffs' characterizations about FOIA's statutory background, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited statutes and case law for a full and accurate statement of their contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in Paragraph 16.

17. Paragraph 17 presents legal conclusions and/or Plaintiffs' characterizations about FOIA's statutory background, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited statutory text for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in Paragraph 17.

18. Paragraph 18 presents legal conclusions and/or Plaintiffs' characterizations about FOIA's statutory background, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited statutory text for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in Paragraph 18.

19. Paragraph 19 presents legal conclusions and/or Plaintiffs' characterizations about a federal regulation, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited regulation for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in Paragraph 19.

20. Paragraph 20 presents legal conclusions and/or Plaintiffs' characterizations about FOIA's statutory background, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited statutory text for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in Paragraph 20.

21. Paragraph 21 presents legal conclusions and/or Plaintiffs' characterizations about FOIA's statutory background, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited statutory text for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in Paragraph 21.

22. Paragraph 22 presents legal conclusions and/or Plaintiffs' characterizations about FOIA's statutory background, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited statute and regulation for a full and accurate statement of their

contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in Paragraph 22.

23. Paragraph 23 presents legal conclusions and/or Plaintiffs' characterizations about FOIA's statutory background, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited statutory text for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in Paragraph 23.

24. Paragraph 24 presents legal conclusions and/or Plaintiffs' characterizations about FOIA's statutory background, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited statutory text for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in Paragraph 24.

## RESPONSE TO COMPLAINT SECTION ENTITLED "FACTUAL ALLEGATIONS"

### A. Background (As Alleged)

25. Paragraph 25 characterizes several cited documents and requires no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited documents for a full and accurate statement of their contents. Defendants lack sufficient knowledge to form a belief as to the truth of any remaining allegations in Paragraph 25 and therefore deny them.

26. This paragraph consists of Plaintiffs' opinions and/or subject characterizations, interpretations, speculations, and generalizations to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny them.

27. This paragraph consists of Plaintiffs' opinions and/or subject characterizations, interpretations, speculations, and generalizations to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and on that basis deny them.

28. This paragraph consists of Plaintiffs' opinions and/or subject characterizations, interpretations, speculations, and generalizations to which no response is required. To the extent a

response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis deny them.

29. This paragraph consists of Plaintiffs' opinions and/or subject characterizations, interpretations, speculations, and generalizations to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis deny them.

30. This paragraph consists of Plaintiffs' opinions and/or subject characterizations, interpretations, speculations, and generalizations to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis deny them.

31. Defendants admit that the document at https://www.uscis.gov/sites/default/files/document/forms/i-821dinstr.pdf states, in part: "If you file this request more than 150 days prior to the expiration of your current period of deferred action, USCIS may reject your submission and return it to you with instructions to resubmit your request closer to the expiration date." The remainder of this paragraph consists of Plaintiffs' opinions and/or subject characterizations, interpretations, speculations, and generalizations to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and on that basis deny them.

32. Paragraph 32 characterizes a document and requires no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents. Defendant lacks sufficient knowledge to form a belief as to the truth of any remaining allegations in this paragraph and on that basis denies them.

**B. Plaintiffs' FOIA Request (As Alleged)**

33. As to Paragraph 33, Defendants admit that Plaintiffs submitted a FOIA Request on May 7, 2026, addressed to each Defendant, and that the document speaks for itself. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiffs' Exhibit A for the full scope of its FOIA request and deny any allegations in Paragraph 33 inconsistent therewith.

34. As to Paragraph 34, Defendants admit that Plaintiffs requested expedited processing. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiffs' Exhibit A for the full scope of its FOIA request and deny any allegations in Paragraph 34 inconsistent therewith. The remaining portion of the allegations in Paragraph 34 are denied, as drafted.

35. This paragraph consists of Plaintiffs' characterization of its FOIA request to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiffs' Exhibit A for the full scope of its FOIA request and deny any allegations in Paragraph 35 inconsistent therewith.

36. This paragraph consists of Plaintiffs' characterization of its FOIA request to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiffs' Exhibit A for the full scope of its FOIA request and deny any allegations in Paragraph 36 inconsistent therewith.

37. This paragraph consists of Plaintiffs' characterization of its FOIA request to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiffs' Exhibit A for the full scope of its FOIA request and deny any allegations in Paragraph 37 inconsistent therewith.

38. This paragraph consists of Plaintiffs' characterization of its FOIA request to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiffs' Exhibit A for the full scope of its FOIA request and deny any allegations in Paragraph 38 inconsistent therewith.

39. This paragraph consists of Plaintiffs' characterization of its FOIA request to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiffs' Exhibit A for the full scope of its FOIA request and deny any allegations in Paragraph 39 inconsistent therewith.

**C. Failure to Respond to FOIA Requests (As Alleged)**

40. Paragraph 40 presents legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 40.

41. Paragraph 41 characterizes correspondence from USCIS to Plaintiff and requires no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited correspondence for a full and accurate statement of its contents. Plaintiffs' allegations in the last two sentences of this paragraph state legal conclusions and require no response.

42. Denied. Defendant ICE alleges that on June 27, 2026, it sent an official correspondence to Hillary Li, Esq.—Plaintiffs' co-counsel with the Justice Action Center—and informed Plaintiffs that their FOIA request is deemed as overly broad, unduly burdensome on the agency, or as not reasonably describing the records sought. Accordingly, ICE FOIA notified the requestor that its request was being rejected and administratively closed for failing to meet the requirements of a proper FOIA request.

43. Paragraph 43 presents legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 43.

44. Paragraph 44 presents legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 44.

45. Paragraph 45 presents legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 45.

**D. Failure to Grant Expedited Processing (As Alleged)**

46. Paragraph 46 presents legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 46.

47. Paragraph 47 characterizes correspondence from USCIS to Plaintiff and requires no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited correspondence for a full and accurate statement of its contents.

48. Denied. Defendant ICE alleges that on June 27, 2026, it sent an official correspondence to Hillary Li, Esq.—Plaintiffs' co-counsel with the Justice Action Center—and informed Plaintiffs that their FOIA request is deemed as overly broad, unduly burdensome on the agency, or as not reasonably describing the records sought. Accordingly, ICE FOIA notified the requestor that its request was being rejected and administratively closed for failing to meet the requirements of a proper FOIA request.

**E. Failure to Provide Fee Waiver (As Alleged)**

49. This paragraph consists of Plaintiffs' characterization of its FOIA request to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiffs' Exhibit A for the full scope of its FOIA request and deny any allegations in Paragraph 49 inconsistent therewith.

50. This paragraph consists of Plaintiffs' characterization of its FOIA request to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiffs' Exhibit A for the full scope of its FOIA request and deny any allegations in Paragraph 50 inconsistent therewith.

51. This paragraph consists of Plaintiffs' characterization of its FOIA request to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiffs' Exhibit A for the full scope of its FOIA request and deny any allegations in Paragraph 51 inconsistent therewith.

52. Defendants admit that in a June 15, 2026 letter, USCIS granted Plaintiffs' request for a fee waiver.

53. Denied. Defendant ICE alleges that on June 27, 2026, it sent an official correspondence to Hillary Li, Esq.—Plaintiffs' co-counsel with the Justice Action Center—and informed Plaintiffs that their FOIA request is deemed as overly broad, unduly burdensome on the agency, or as not reasonably describing the records sought. Accordingly, ICE FOIA notified the requestor that its request was being rejected and administratively closed for failing to meet the requirements of a proper FOIA request.

54. Paragraph 54 presents legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 54.

## RESPONSE TO FIRST CAUSE OF ACTION: ALLEGED VIOLATION OF 5 U.S.C. § 552(A)(6)(A) FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES

55. Defendants incorporate by reference their responses to all preceding paragraphs.

56. Paragraph 56 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57. Paragraph 57 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58. Paragraph 58 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58.

59. Paragraph 59 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59.

60. Paragraph 60 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited statutory text for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in Paragraph 60.

61. Paragraph 61 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61 and further deny that Plaintiffs are entitled to the relief sought.

**RESPONSE TO SECOND CAUSE OF ACTION**
**ALLEGED VIOLATION OF 5 U.S.C. § 552(A)(6)(E) FOR**
**FAILURE TO GRANT EXPEDITED PROCESSING**

62. Defendants incorporate by reference their responses to all preceding paragraphs.

63. Paragraph 63 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64. Paragraph 64 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64.

65. Paragraph 65 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited statutory text for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in Paragraph 65.

66. Paragraph 66 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited statute and regulation for a full and accurate statement of their contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in Paragraph 66.

67. Paragraph 67 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68. Paragraph 68 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69. Paragraph 69 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69.

70. Paragraph 70 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70 and further deny that Plaintiffs are entitled to the relief sought.

**RESPONSE TO THIRD CAUSE OF ACTION:**
**ALLEGED VIOLATION OF 5 U.S.C. § 552(A)(3) FOR**
**FAILURE TO CONDUCT AN ADEQUATE SEARCH FOR RESPONSIVE RECORDS**

71. Defendants incorporate by reference their responses to all preceding paragraphs.

72. Paragraph 72 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73. Paragraph 73 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74. Paragraph 74 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75. Paragraph 75 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76. Paragraph 76 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77. Paragraph 77 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 77 and further deny that Plaintiffs are entitled to the relief sought.

**RESPONSE TO FOURTH CAUSE OF ACTION:**
**ALLEGED VIOLATION OF 5 U.S.C. § 552(A)(4)(A)(III) FOR**
**FAILURE TO GRANT WAIVER OF FEES**

78. Defendants incorporate by reference their responses to all preceding paragraphs.

79. Paragraph 79 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny them.

80. Paragraph 80 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81. Paragraph 81 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82. Paragraph 82 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83. Paragraph 83 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the relief identified in Paragraphs A to I at page 19 of their Complaint, Defendants deny that Plaintiffs are entitled to any relief in this action and ask the Court to deny any and all of the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to the Complaint, Defendants raises the following defenses. Defendants respectfully reserve the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint change or become known to Defendants throughout the course of this litigation.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim for which relief can be granted, as Defendants have not unlawfully withheld any records within the meaning of the FOIA, 5 U.S.C. § 522.

## SECOND DEFENSE

Plaintiffs are not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**THIRD DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiffs' request for relief that exceeds the relief authorized under FOIA.

**FOURTH DEFENSE**

Defendants have exercised due diligence in response to Plaintiffs' FOIA request and exceptional circumstances exist that necessitate additional time for Defendants to search for and process records, if any, responsive to Plaintiffs' FOIA request.

**FIFTH DEFENSE**

Plaintiffs are neither eligible for nor entitled to an award of attorneys' fees or costs.

**SIXTH DEFENSE**

Defendants have not improperly withheld records requested by Plaintiffs under FOIA.

**SEVENTH DEFENSE**

Plaintiffs are not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**EIGHTH DEFENSE**

Plaintiffs' request fails to comply with the requirements of FOIA to the extent the request fails to reasonably describe the records sought or present an unreasonably burdensome effort upon Defendants to search for, review, redact, and release any responsive records.

* * *

Defendants reserve the right to amend this Answer with additional defenses of which Defendants may become aware as the case progresses and to raise any other matter constituting an avoidance or affirmative defense.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered all counts of the Complaint, Defendants pray that Plaintiffs takes nothing by way of the Complaint, that the same be dismissed with prejudice, and that judgment be awarded in favor of Defendants, together with costs and such other and further relief as the Court deems appropriate in this case.

DATED: August 24, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Roman A. Swoopes*
ROMAN A. SWOOPES
Assistant United States Attorney
Attorneys for Federal Defendant