MAYER BROWN LLP
ANDREW J. PINCUS (pro hac vice)
apincus@mayerbrown.com
LEIF OVERVOLD (pro hac vice)
lovervold@mayerbrown.com
ZACHARY KRISLOV (pro hac vice)
zkrislov@mayerbrown.com
1999 K Street, NW
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

JUSTICE ACTION CENTER
KAREN C. TUMLIN (SBN 234691)
Karen.Tumlin@justiceactioncenter.org
ESTHER H. SUNG (SBN 255962)
Esther.Sung@justiceactioncenter.org
HILLARY LI (pro hac vice)
Hillary.Li@justiceactioncenter.org
EMILY SATIFKA (pro hac vice)
Emily.Satifka@justiceactioncenter.org
VANESSA RIVAS-BERNARDY (SBN 341464)
Vanessa.Rivas@justiceactioncenter.org
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 316-0944

*Attorneys for Plaintiffs*

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division
ROMAN A. SWOOPES (CABN 274167)
Assistant United States Attorney
60 South Market Street, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5084
FAX: (408) 535-5081
Roman.Swoopes@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EAST BAY SANCTUARY COVENANT, et al.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al,<br><br>Defendants. | CASE NO. 3:26-cv-06367-SK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date: October 19, 2026<br>Time: 1:30 PM<br>Location: Zoom<br><br>Judge: Hon. Sallie Kim |

Pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, Civil Local Rules 16-9 and

16-10, the Court's Standing Order, and the Standing Order for All Judges of the Northern District of California, Plaintiffs East Bay Sanctuary Covenant and Immigration Institute of the Bay Area ("Plaintiffs") and Defendants United States Citizenship and Immigration Services and United States Immigration and Customs Enforcement ("Defendants") submit this Initial Joint Case Management Statement.

**1. Jurisdiction and Service**

There are no issues regarding personal jurisdiction, venue, or service. Plaintiffs bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Defendants have been served.

**2. Facts**

On May 7, 2026, Plaintiffs submitted a FOIA request to USCIS and ICE seeking two categories of records:

> (1) All policies, guidance, correspondence and communications (including emails, Microsoft Teams correspondence, and attachments thereto), and other documents created since January 20, 2025, whether formal or informal, and all revisions of such policies, guidance, correspondence, communications, and documents related to changes in the processing and adjudication of DACA renewal requests (Form I-821D) and associated Employment Authorization Document ("EAD") renewal requests (Form I-765), including, but not limited to records concerning the following:
>
> a. Processing and adjudicating, including putting on hold, requests to expedite DACA renewal requests and DACA EAD renewal requests;
>
> b. Accepting, rejecting, processing, adjudicating, or holding DACA renewal requests and DACA EAD renewal requests based on any of the following: (i) Timing of filing, including requests filed more than 150 days prior to the expiration of the applicant's existing DACA grant; (ii) Applicant's characteristics, including country of origin, current place of residence, criminal history, or any other individual characteristic; or (iii) Presidential Proclamations 10949 or 10998;
>
> c. USCIS internal and external guidance or recommendations regarding timing for DACA recipients to submit DACA renewal requests and DACA EAD renewal requests;
>
> d. Reassignment of USCIS adjudicatory personnel off or onto the DACA processing workload;
>
> e. Changes to DACA renewal request processes leading to longer wait times including but not limited to background checks, any computer technical issues, and the return of biometric appointments;

f. Information sharing between USCIS and ICE regarding expiration of DACA grants or pending renewal requests;

g. ICE detention of DACA recipients and placement of DACA recipients in removal proceedings, or any other use of any civil immigration enforcement action against DACA recipients;

h. Internal deliberations or decisions regarding whether to publish, or to continue publishing, update more frequently, or discontinue publishing, DACA processing times, including average processing times, for DACA renewal and DACA EAD renewal requests;

i. Internal deliberations or decisions regarding whether to continue or discontinue availability of the “e-request” functionality for DACA renewal requests pending outside of normal processing times.

(2) All records, including reports, communications (including emails, Microsoft Teams correspondence, and attachments thereto), datasheets, spreadsheets, and dashboards reflecting or containing the following data, whether broken out by month(s) or in aggregate, since May 2025, with respect to DACA renewal requests (Form I-821D) and associated Employment Authorization Document (“EAD”) renewal requests (Form I-765):

a. The average processing time;

b. The number of renewal requests (i) received; (ii) adjudicated, including aggregated by outcome; (iii) pending for individuals whose DACA status had expired; and (iv) filed that month that remain unadjudicated, including those USCIS has placed on hold;

c. The number of inquiries regarding renewals falling outside normal processing times, including inquiries by or on behalf of DACA applicants, including by phone call, online via USCIS’s Check Case Processing E-Request, and through Congressional offices;

d. The number of renewal requests that have been suspended, since December 2, 2025, pursuant to the December 2, 2025 USCIS Policy Memorandum entitled “Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries,” the January 1, 2026 USCIS Policy Memorandum entitled “Hold and Review of USCIS Benefit Applications Filed by Aliens from Additional High-Risk Countries,” and/or any other directive or policy issued on or after December 2, 2025, resulting in a suspension or hold of DACA renewal requests submitted by individuals from countries listed in Presidential Proclamation 10949 or 10998;

e. The number of both resolved and pending Congressional inquiries, including inquiries with requests for expedited processing, including by the state of the congressional member;

f. The average number of days renewal requests were pending at the USCIS Lockbox before being processed and the average number of days renewal requests were pending at the Lockbox before being issued a receipt notice;

g. Testing and updates conducted by technical teams or contractors that manage Electronic Immigration System ("ELIS") and other electronic processing tools USCIS uses to manage DACA and DACA-related EAD filings, and if bugs were identified, the number of days that it took USCIS to remediate any bugs.

To date, Defendants have not produced any records responsive to Plaintiffs' request.

Plaintiffs filed the instant suit on June 25, 2026, alleging, among other things, that Defendants failed to timely disclose records responsive to Plaintiffs' Request. Dkt. No. 1.

Defendants contend, among other things, that Plaintiffs' complaint raises claims that are or will become moot, as Defendants are searching for records responsive to Plaintiffs' request and will disclose any responsive, non-exempt records that they find.

**3. Legal Issues**

The Court may be called upon to resolve the following legal issues:

1. whether Defendants failed to make proper determinations in response to Plaintiffs' FOIA request;
2. whether Defendants adequately responded to Plaintiffs' FOIA request;
3. whether Defendants wrongfully withheld any records sought by Plaintiffs in their FOIA request; and
4. whether and in what amount Plaintiffs are eligible for and entitled to an award of attorney fees and other litigation costs.

**4. Motions**

There are no motions pending. If informal discussions between the parties do not resolve the entire case, the parties anticipate that the issues in Plaintiffs' Complaint can be resolved on cross motions for summary judgment.

**5. Amendment of Pleadings**

The parties do not anticipate additional amendment of the pleadings.

**6. Evidence Preservation**

Plaintiffs and Defendants have reviewed all applicable guidelines and acknowledge their duties to preserve relevant materials in accordance with applicable rules and case law.

**7. Disclosures**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary at this time, as this is a FOIA action for which no such exchange of information is typically needed.

**8. Discovery**

Because this is a FOIA action, the usual discovery process for other types of cases is not likely to apply. *See Lane v. Dept. of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) (citing *Judicial Watch, Inc. v. Export–Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000)); *Am. Small Business League v. Dept. of Defense*, 2019 WL 4416613 at *2-3 (N.D. Cal. Sept. 15, 2019) (allowing discovery in FOIA action). The parties agree that at this time, discovery is not anticipated, although the parties reserve the right to seek discovery.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

There are no related cases.

**11. Relief**

Plaintiffs seek declaratory and injunctive relief. Plaintiffs' prayer for relief asks this Court to (1) declare that Defendant United States Immigration and Customs Enforcement has violated FOIA by failing to make a timely determination regarding Plaintiffs' request for expedited processing, and by failing to grant Plaintiffs a waiver of all fees associated with its FOIA request; (2) declare that each Defendant has violated FOIA by failing to make a timely determination regarding Plaintiffs' FOIA request and by failing to produce responsive documents; (3) order each Defendant to respond to Plaintiffs' FOIA request by a date or dates certain and to search for and produce responsive records on an expedited basis; (4) order Defendant United States Immigration and Customs Enforcement to grant Plaintiffs a waiver of all fees associated with their FOIA request; and (5) award Plaintiffs their reasonable costs and attorney fees.

Defendants deny that Plaintiffs are entitled to any relief and seek dismissal and costs.

**12. Settlement and ADR**

The parties do not believe that this case is ready for ADR at this time. The parties have filed their respective ADR Certifications requesting to discuss ADR selection at the case management conference with this Court.

**13. Other References**

Special procedures such as binding arbitration, a special master, or MDL are not appropriate for this case.

**14. Narrowing of Issues**

The parties agree to meet and confer as appropriate to narrow any issues in this case.

**15. Scheduling**

If not resolved informally, the parties anticipate that the issues in this case can ultimately be resolved on cross motions for summary judgment. The parties are meeting and conferring regarding Plaintiffs' requests, Defendants' searches, and a production schedule. The parties propose that they file a status report with the Court on December 8, 2026, addressing the status of production, a proposed production schedule, and whether they are ready to set a summary judgment briefing schedule.

**16. Trial**

The parties anticipate that the issues in this case will be resolved through informal discussions or cross motions for summary judgment and that no trial will be needed.

**17. Disclosure of Non-Party Interested Entities**

Plaintiffs have filed a Certificate of Interested Entities or Parties and restate here that as of this date there is no conflict or interest (other than the named parties) to report.

Defendants are exempt from this requirement as federal government entities.

**18. Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters**

Not applicable.

Respectfully Submitted,

DATED: October 9, 2026

MAYER BROWN LLP

*/s/ Leif Overvold*
LEIF OVERVOLD
Attorneys for Plaintiffs

DATED: October 9, 2026

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Roman A. Swoopes*
ROMAN A. SWOOPES
Assistant United States Attorney
Attorneys for Federal Defendants

In compliance with Civil L.R. 5-1(i)(3), the filer of this document attests that counsel for all parties concur in the filing of this document.